IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFERY LEE FISHER,

       Plaintiff,                        No. CIV S-10-2311 KJM DAD P

   vs.

BRYANT, et al.,

       Defendants.              ORDER

_____/

       Plaintiff is an inmate at the Butte County Jail and is proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

       Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

       Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). An initial partial filing fee of $5.06 will be assessed by this order. See 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to

1

the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

Plaintiff's complaint appears to state a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). In this regard, the court construes plaintiff's complaint as presenting an Eighth Amendment claim for the use of excessive force against him as well as a state law claim for negligence.[1] If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action as to defendant officer Bryant. However, the court will not order service on defendants Young, George, Louderback or the County of Butte. Plaintiff has not presented any factual allegations in his complaint suggesting that defendants Young, George or Louderback were involved in the alleged use of excessive force that resulted in plaintiff's broken finger. There are also no factual allegations in the pending complaint concerning the County of Butte.[2]

---

[1] Plaintiff is cautioned that the Eighth Amendment protects persons who have been convicted of a crime following criminal prosecution. If the alleged incident(s) occurred after plaintiff's arrest but before his arraignment, Fourth Amendment standards would govern his excessive use of force claim. If the incident(s) occurred after plaintiff's arraignment but before he suffered a criminal conviction, Fourteenth Amendment standards would govern his excessive use of force claim. If plaintiff has brought his claim under the wrong constitutional amendment, he should immediately file an amended complaint to cure any such defect. Moreover, the court does not construe plaintiff's complaint as stating an Eighth Amendment claim based upon allegations of inadequate medical care because plaintiff has not alleged that any of the defendants delayed his receipt of medical care or that any such delay in receiving care caused him further harm. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

[2] "A municipality cannot be held liable *solely* because it employs a tortfeasor - or, in other words a municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell v. Dept. of Soc. Serv. of City of N.Y., 436 U.S. 658, 691 (1978). The municipality is liable if "some official policy 'causes' an employee to violate another's constitutional rights." Id. at 692.

Plaintiff has also requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

Finally, on January 25, 2011, plaintiff requested a sixty-day "extension" so that his father could obtain private counsel to represent plaintiff in this action. The motion will be denied as moot since more than sixty days have passed since the request was filed and private counsel has not sought leave to substitute in as counsel of record on plaintiff's behalf.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's August 27, 2010 application to proceed in forma pauperis (Doc. No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $5.06. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Service of the complaint is appropriate for defendant officer Bryant.

4. The Clerk of the Court shall send plaintiff one USM-285 forms, one summons, an instruction sheet, and a copy of the complaint filed August 27, 2010.

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit all of the following documents to the court at the same time:

/////

        a. The completed, signed Notice of Submission of Documents;

        b. One completed summons;

        c. One completed USM-285 form for the defendant listed in number 3 above; and

        d. Two copies of the endorsed complaint filed August 27, 2010.

6. Plaintiff shall not attempt to effect service of the complaint on defendant or request a waiver of service of summons from any defendant. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

7. Plaintiff's December 22, 2010 motion for the appointment of counsel (Doc. No. 8) is denied.

8. Plaintiff's January 25, 2011 motion for a sixty-day extension of time to obtain private counsel (Doc. No. 10) is denied as moot.

DATED: April 6, 2011.

                                                                              */s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
fish2311.1

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFERY LEE FISHER,

      Plaintiff,                      No. CIV S-10-2311 KJM DAD P

    vs.

BRYANT, et al.,                    NOTICE OF SUBMISSION

      Defendants.               OF DOCUMENTS

_____/

      Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

      _____ one completed summons form;

      _____ [#] completed USM-285 forms; and

      _____ [#] true and exact copies of the complaint filed [date].

DATED: _____.

                                                      _____

                                                      Plaintiff